May it please the court. My name is Mark Ackley. I'm with the Idaho Federal Defenders. I'm here on behalf of Sean Paul Bolivar today. It's my honor and pleasure to argue before this court. The issue before the court is whether, in the context of a probation search, law enforcement must have probable cause or mere reasonable suspicion that the item they intend to search is owned or sufficiently connected to the probationer. There are three matters that I hope to address in a mere nine and a half minutes, your honors. The first is why the case of the United States v. Davis, the case that the district court relied upon, is no longer controlling. The second is why probable cause does not undermine the governmental interests in rehabilitating probationers and in protecting society. And the third is why probable cause, if indeed the court finds that's the standard, does not exist under the facts of this case. On the last question, the district court didn't make any decision, one way or the other, about whether the result would be the same for a probable cause standard versus a reasonable suspicion standard. If you agree with that characterization of what the district court decided, even if we were to agree with you on the other points, wouldn't we have to send it back to the district court for a new consideration? I don't believe so, your honor. I think that the court could decide the issue of whether probable cause exists based on the factual record and the findings of the court. The court may see that entering the evidentiary hearing, that standard was still contested. And it was only after the evidentiary hearing that the district court concluded that the reasonable suspicion standard applies. So both parties did have a full opportunity to elicit relevant facts. Regarding the first point that I'd like to make, that Davis is not controlling, I have three points regarding that sub-issue. Really the question may be, this may be anticipating where you're going, but I guess for me the question is whether Davis is reconcilable with Motley or not. Because if they can both exist side-by-side, then we have to follow Davis. If they can't both exist side-by-side, then we have to deem Davis overruled. So if you could approach the question that way, that would be helpful to me. Thank you, your honor. And I'll start with a case that actually was not cited, United States v. Johnson, out of this court in 2001. Quoting the Second Circuit, the court stated, in some contexts expressions of views by an appellate court must be regarded as the law of the circuit, even though not an announcement of a holding or even a necessary step in the reasoning leading to a holding. That's a tough argument to make. I mean, because, you know, all of our cases mean something. So we have to try to figure out what the ruling was. It sounds to me like you're arguing that we should disregard portions of the case or the case entirely. I'm not asking the court to completely disregard Davis. However, I'm asking the court to consider Davis in the context in which it arose, a mere four years after Griffin v. Wisconsin, where the Supreme Court placed special emphasis on the special needs exception to the warrant requirements. Well, it seems to me, just again speaking for myself, in order to get where you want to go, we either have to say that Davis is distinguishable on its facts or in some other way, or that it was necessarily overruled by a later decision of the en banc court or by the Supreme Court. And would you address those two prongs? Yes, Your Honor. I'll start with the implicit or necessary overruling. The reason I brought up the fact that Davis arose in the context of Griffin is because Motley arose in the context of Nights. And Nights represented the departure from the special needs exception in a focus on a totality of circumstances reasonableness test when weighing a probationer, an individual's interest against a governmental interest. And that continued in the Samson case. So when Motley addressed whether officers need probable cause to know or to believe that a probationer resides at a residence, they did not have to go so far to say that Davis required probable cause to believe that officers knew that a closed or believed a closed container belonged to a prison. Well, here's the problem I have with your argument. Motley only said that the probable cause requirement related to whether the probationer resided in the premises that was to be searched did not go further to say, and the officers have to have probable cause to search within that residence once the probable cause exists to determine that the individual lives there. The way I read Motley is the probable cause requirement related only to the determination of whether the probationer resided there and didn't go further. Your Honor, I appreciate that because the issue before the court was whether the probationer resided there. Right. And we know that this person resided here. It's just a question of whether the backpack, they could believe that the backpack was his. Yes, Your Honor. In Section 2A of the unanimous opinion in Motley, they addressed the first issue that was directly presented to the court. In Section 2C, which is also a unanimous opinion, they went a little bit farther in assessing whether there had to be suspicion to conduct a search, whether that was clearly established law. And in that course, they characterized Davis as, quote, that officers have probable cause to believe that what they intend to search actually belongs or is connected to the parolee. They could have easily said that officers have reasonable suspicion that what they intend to search actually belongs, et cetera, and that they would have had the same holding in 2C. So they changed that language to reconcile Davis with Fourth Amendment jurisprudence. That's not what Davis says, though. I mean, if a court mischaracterizes a case, the holding of a case, are you saying that's an implicit overruling of that case? I'm believing that they intentionally characterized it as probable cause to bring it in line with what the court had reasoned in Section 2A and to bring it in line with the Knight's case. As to why Davis is factually distinguishable, in the Davis case, Davis did not reside with Avis Andrews. It was Avis Andrews who was on probation, and at least from the opinion, it appears that Avis Andrews only lived at that residence. So Andrews was the sole resident, and that's one reason that Davis is distinguishable. The other is that it's not clear whether Andrews was on felony or misdemeanor probation, and that probably would not have mattered under the Griffin versus Wisconsin special needs analysis. But whether someone's on misdemeanor probation versus felony probation or felony parole, that is an issue in the balancing of interests under the Motley, Knight's, and Samson analysis. So that is also a distinction between this case and Davis on a factual matter. Your Honors, I have a little under two minutes left. I'd like to reserve that for rebuttal. You may do that. Thank you. Thank you. Thank you. May it please the Court, Christian Asker on behalf of the United States. I think at the heart of the defendant's argument shortchanges the need for the promotion of legitimate governmental interests in conducting probation searches. Davis anticipated exactly what would happen if this court were to overrule Davis and require probable cause to believe that a particular item is possessed, controlled by the probationer. Well, counsel, it seems to me that in the context of this case, our job isn't to figure out which is the good answer. It's to figure out what answer this court has already given. If Davis remains good law, we have to follow Davis. If Davis is overruled by Motley, we have to follow Motley. So we're not really, it seems to me, free to just decide what's the good answer. And I guess my concern about Motley is the one sentence on which opposing counsel relied. And the reasoning behind Motley seems to say that any time you look at the phrase reason to believe or reasonable belief, it really means probable cause, which was a phrase also used in Davis, if there's reason to believe that the container could contain the object of the search. So would you go to the question whether Motley is reconcilable with Davis? I agree with the district court that Motley did not change Davis. When you look at what Motley was attempting to do, it was a completely different, as Judge Rollins stated, the issue in Motley was what standard do you need to believe that the probationer or the parolee lives at a particular residence? Motley was a 1983 civil rights lawsuit. And the only time Davis was discussed was actually Motley avoid analyzing or discussing Davis beyond concluding that Davis does not clearly establish the proposition that the circuit has long required officers to have reasonable suspicion linking the parolee to some wrongdoing, which has nothing to do with the facts of Davis or in the facts in this case. The facts in this case mirror the facts in Davis. The few distinctions that defendant attempted to draw can easily be countered by the fact that in Davis, the officers knew that that safe belonged to Davis. Earlier in the day, they had received the combination to that safe from him. He was in possession of the combination, not Andrews. In that section that opposing counsel was referencing, it starts off by talking about how parolees have a lessened interest in privacy, so to me it would be a little bit inconsistent to say that they have a lesser interest in privacy and then impose a probable cause determination, which also applies to people who are not parolees. Correct. Imagine how a probation search would go with the standard of probable cause. Every item in her bedroom, and you have to take that in context of this is an individual who had violated the conditions of her probation by drug use. They find marijuana and a drug paraphernalia in the room. She admits that that's hers. It's tested. It's determined to be marijuana. Now, underneath a probable cause standard, every item, a Crown Royal bag sitting next to that, is this your bag? Well, no, it's my roommate's. A backpack in the closet, well, that's not mine. Someone left that here. It would gut the governmental interest that we have in probation searches, and that is why the well-reasoned, the well-thought-out, on-point decision in Davis applies to this case and not the 1983 civil rights case of Motley, which had to do with two entirely different issues other than the one at hand. I don't know if Your Honors have any further questions for the government. I don't believe that we do. Thank you. Thank you, Counsel. Mr. Eckley, you have, I think, some time remaining if you'd like to use it. Returning to the Court's question regarding the mischaracterization of Davis in the Motley 2005 decision, to further my point, I would direct the Court to an earlier opinion of the panel in Motley that came down in 2004. It's at 383 Federal 3rd, 1058. And that's a two-to-one decision before the en banc decision, where the issue was squarely presented whether probable cause or reasonable suspicion had to exist that a probationer resided at the apartment. And what's interesting to me is that the dissent relies on United States v. Davis to argue that reasonable suspicion is only required. So I find it at a minimum interesting, if not enlightening, that in 2005 when the Court took it en banc, that it characterized Davis in the way that it chose to characterize it in light of its full analysis in Section 2A of the opinion. It also makes sense that the Court, in reconciling prior decisions with the more recent Fourth Amendment jurisprudence, that it would seek to reconcile Davis in other cases with Knight's and the other cases, such as It makes sense to say that reasonable suspicion, which has an accepted meaning in the law, is the same as probable cause, which has an accepted meaning in the law. Just as a matter of comparison, that doesn't make sense to say reasonable suspicion equals probable cause because they both have settled meanings in the law. Yes, and I agree with that. And that's why my answer to the Court's question is that at a minimum it's an implicit overruling of Davis because they do mean completely different things, Your Honor. I guess I still have not much time. No, you're into negative time, so if you'd like to quickly wrap up, you may. I would just say that the Court does not have to stretch its imagination, as the government would suggest, to imagine how a probable cause search would go in the context of probationary searches because the Court already has a whole line of Fourth Amendment jurisprudence dealing with consent cases where only the probable cause standard, as we noted in our reply brief, is effectively the same, the standard for apparent authority, that is, and the authority line of cases with Matlock and Rodriguez is effectively the same. And the ideas of an individual assuming the risk of living with someone else who may consent, it's sufficiently analogous that for Motley to look at those cases, maybe not explicitly, but to reconcile this line of jurisprudence not only with what they had just decided in Section 2A, but to reconcile this whole line of jurisprudence for consistency purposes and for guidance purposes. Thank you, Counsel. Thank you. We appreciate the arguments of both parties. They've been very helpful. The case just decided, just argued, is not decided, but is submitted. We'll see how it gets decided.
judges: Tashima, Graber, Rawlinson